# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Action No. |
| ) | 18-00293-01/12-CR-W-DGK |
| GERALD L. GINNINGS, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER OF CONTINUANCE

On December 12, 2018, the Grand Jury returned a superseding indictment charging the defendant and 11 others with conspiracy to distribute methamphetamine, conspiracy to commit money laundering, continuing a criminal enterprise, possess firearms with drug trafficking, and felon possess firearm and ammunition, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) & 846, 18 U.S.C. §§1956(a)(1)(A)(i),(B)(i),(ii), & (h), 21 U.S.C. §§ 848(a)(b)(c) & (s), 18 U.S.C. § 924(c)(1)(A)(i) and 18 U.S.C. §§ 922(g)(1) & 924(a)(2), respectively. This criminal action is currently set for trial on the joint criminal trial docket which commences October 28, 2019.

On October 1, 2019, defendant Mainieri, by and through counsel, filed a motion for continuance and suggestions in support thereof. The suggestions in support of the defendant's motion for continuance state, in part, as follows:

> Amongst the other Defendants that are charged in the Indictment with Mr. Mainieri, most face identical or similar charges. Additionally, Defendant Trevor Sparks faces charges of Continuing Criminal Enterprise, in violation of 21 U.S.C. § 848(a)(b)(c) & (s).

1

This matter is presently set for trial during the trial term that is set to commence on October 28, 2019.

The discovery that has been disclosed to counsel thus far is massive. Thus far, over 85,000 pages of printed discovery have been produced, along with numerous non-printed items of discovery such as audio recordings. Due to the massive volume of discovery in this case, this Court has already entered an order declaring this case extended and complex (Doc. 126). Due to the massive amount of discovery in this matter, counsel requires significantly more time to review all discovery, discuss it with Mr. Mainieri, and determine how Mr. Mainieri wishes to proceed on this matter.

Additionally, while counsel does not know the full criminal history of all other Defendants in this matter, he is aware that based on the nature of the charges in the Superseding Indictment, as well as prior convictions, if Mr. Mainieri were to proceed to trial and be convicted as charged, he would face a mandatory minimum sentence of twenty-five (25) years imprisonment. The significant prison exposure that Mr. Mainieri is facing if convicted at trial, coupled with the massive amount of information to review in this matter, both require counsel to have adequate time to thoroughly review evidence, investigate any necessary issues, and consult with his client regarding this case. It simply will not be possible to accomplish those tasks prior to the present trial setting.

Counsel for Mr. Mainieri has been in communication with Assistant United States Attorney Bruce Rhoades regarding this request for a continuance, and Mr. Rhoades has represented to counsel that he has no objection to the request being made in this motion.

Counsel has communicated with the attorneys for all other co-defendants in this matter to determine their position on this request for a continuance that is being filed by Mr. Mainieri. At this time, Defendants Trevor Sparks and Cory Taz-Dalton Hack object to this request for a continuance. The remaining Defendants have no objection, and are in agreement with the need to continue the trial in this matter to a later date.

Mr. Mainieri has been consulted on this request, and has affirmed to undersigned counsel that he has no objection to this request for a continuance that is being sought on his behalf. The Defendant

2

> further understands that due to the serious nature of these
> allegations, as well as the potential prison exposure that he could
> potentially face if convicted, far outweigh his right to a speedy trial
> under the circumstances of this case.
>
> Counsel believes that due to the complexity of this case, and the
> huge volume of discovery that must be reviewed in order to
> adequately protect the rights of his client, that a trial setting in
> August of 2020 or later would be realistic in this case.

The Speedy Trial Act of 1974, as amended, mandates the commencement of the trial of a defendant within 70 days from the defendant's first appearance before a judicial officer of the Court in which the charge is pending. In computing the 70-day time period, the periods of delay set forth in 18 U.S.C. § 3161(h) are to be excluded. Any period of delay resulting from a continuance granted at the request of a defendant is excludable if the Court finds the ends of justice served by the taking of such action outweigh the best interest of the public and the defendant in a speedy trial, provided the Court sets forth the reason for such finding.

Section 3161(h)(7)(C) provides that a continuance shall not be granted because of general congestion of the Court's calendar. In ordering this case removed from the joint criminal jury trial docket which will commence October 28, 2019, and continuing the trial until the joint criminal jury trial docket which will commence August 10, 2020, the Court is not doing so because of congestion of its calendar.

The Court finds that:

1. In light of the circumstances set out in the above-quoted portion of the suggestions in support of the motion for continuance, it would be unreasonable to expect defense counsel to prepare this criminal action adequately for trial prior to August 10, 2020;

2. In light of the circumstances set out in the above-quoted portion of the suggestions in support of the motion for continuance, failure to remove this criminal action from the joint criminal jury trial docket

which will commence October 28, 2019, and grant a continuance likely would result in a miscarriage of justice;

3. In light of the circumstances set out in the above-quoted portion of the suggestions in support of the motion for continuance, failure to remove this criminal action from the joint criminal jury trial docket which will commence October 28, 2019, and grant a continuance would deny defense counsel the reasonable time necessary for effective preparation and thus would deny the defendant his right to effective assistance of counsel; and

4. In light of the circumstances set out in the above-quoted portion of the suggestions in support of the motion for continuance, the ends of justice served by removing this criminal action from the joint criminal jury trial docket which will commence October 28, 2019, and granting a continuance outweigh the best interest of the public and the defendant in a speedy trial.

It is therefore,

ORDERED that the motion for continuance of this criminal action filed by defendant Ginnings on October 1, 2019 (Doc. No. 124), is GRANTED and that this criminal action is removed from the joint criminal jury trial docket which will commence October 28, 2019. It is further

ORDERED that this criminal action is set for trial on the joint criminal jury trial docket which will commence August 10, 2020. It is further

ORDERED that the pretrial conference will be held on Thursday, July 23, 2020, at 1:30 p.m. in Courtroom 7E. It is further

ORDERED that, pursuant to 18 U.S.C. § 3161(h), the time between the date of this Order and August 21, 2020, shall be excluded in computing the time within which the trial of this criminal action must commence.

/s/ *JOHN T. MAUGHMER*
JOHN T. MAUGHMER
United States Magistrate Judge

Kansas City, Missouri