# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 18-00293-01/25-CR-W-DGK |
| (01) GERALD L. GINNINGS,<br>[DOB: 01/02/1980], | |
| (02) TREVOR SCOTT SPARKS,<br>[DOB: 02/09/1989], | |
| (03) MARKUS MICHAEL A. PATTERSON,<br>[DOB: 12/12/1982], | |
| (04) GLORIA MAY JONES,<br>[DOB: 8/31/1989], | |
| (05) VICENTE ARAUJO,<br>[DOB: 9/20/1996], | |
| (06) LESLIE LADON WALKER,<br>[DOB: 7/2/1987], | |
| (07) DAVID ROBERT RICHARDS II,<br>[DOB: 10/19/1987], | |
| (08) CHRISTIAN DOUGLAS HANSEN,<br>[DOB: 04/14/1979], | |
| (09) STEPHANIE THURMOND,<br>[DOB: 11/2/1990], | |
| (10) LEEANNA MICHELLE SCHROEDER,<br>[DOB: 6/4/1993], | |
| (11) ADAM JOSEPH MAINIERI,<br>[DOB: 3/1/1988], | |

(12) PAUL J. KIBODEAUX,
[DOB: 4/22/1983],

(13) KOURTNEY JAYNE MEYERS,
[DOB: 01/16/1989],

(14) CORY TAZ-DALTON HACK,
[DOB: 06/26/1995],

(15) RORY DALE BECHTEL,
[DOB: 04/14/1983],

(16) PHILLIP TRA JOSEPH HOYT,
[DOB: 08/12/1976],

(17) BOBBIE LYNN KING,
[DOB: 07/05/1969],

(18) LOGAN TANNER LAWS,
[DOB: 10/09/1991],

(19) KENNETH JAMES MCCLURE,
[DOB: 02/09/1979],

(20) MARION DOUGLAS MCCROREY JR.,
[DOB: 10/05/1979],

(21) PATRICIA GAIL NELSON, AKA MCCOLLUM, AKA "MAMA PAT,"
[DOB: 06/21/1960],

(22) CHRISTOPHER DEAN PARTON,
[DOB: 04/25/1989],

(23) CHRISTOPHER BRIAN ROGAN,
[DOB: 01/21/1976],

(24) AMANDA LEIGH WATSON,
[DOB: 05/09/1987],

(25) MICHAEL GLEN ZIEGER, AKA ZIEGLER, AKA "LEE SUMMIT MIKE,"
[DOB: 08/25/1976],

       Defendants.

# MOTION OF THE UNITED STATES FOR A
# PRETRIAL DETENTION HEARING PURSUANT
# TO TITLE 18, UNITED STATES CODE, SECTION 3142(f)

Comes now the United States of America, by Timothy A. Garrison, United States Attorney, and the undersigned Assistant United States Attorney, both for the Western District of Missouri, and hereby moves the Court to detain defendant without bail pending trial of this matter and to hold a hearing pursuant to Title 18, United States Code, Section 3142(f) for the purpose of demonstrating that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required by the Court and the safety of other persons and the community.

## SUPPORTING SUGGESTIONS

I. Subsection 3142(f), Title 18, United States Code, provides that a hearing must be held by the appropriate judicial officer to determine whether any condition or combination of conditions will reasonably assure the defendant's appearance and the safety of any other person in the community if the attorney for the government moves for such a hearing and if the case is in any one of the following categories:

A. The case involves a <u>crime</u> <u>of</u> <u>violence</u>, a term defined to include either:

1. An offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another; or

2. Any other offense that is a <u>felony</u> and by its nature involves a substantial risk that physical force against the person or property of another <u>may</u> be used in the course of its commission.

B. The case involves an offense where the maximum sentence is life imprisonment or death.

3

C. The case is a narcotics case under Title 21, United States Code, for which imprisonment for ten years or more is prescribed.

D. Any felony, even a nonviolent felony not involving drugs, if the person already has two or more convictions for a crime of violence, a crime punishable by life imprisonment, or a ten year drug felony.

E. Any felony that is not otherwise a crime of violence that involves a minor victim or that involves the possession or use of a firearm or destructive device (as those terms are defined in section 921), or any other dangerous weapon, or involves a failure to register under section 2250 of title 18, United States Code.

II. The statute recognizes two additional situations which allow for a detention hearing and which can be raised either by the attorney for the government or by a judicial officer. These conditions are:

A. When there is a serious risk that the defendant will flee; or

B. When there is a serious risk that the person will "obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror."

III. One or more grounds for a pretrial detention hearing as set forth by the statute exists in the above cause.

                                        Respectfully submitted,

                                        Timothy A. Garrison
                                        United States Attorney

                      By    */s/ Bruce Rhoades*

                                        Bruce Rhoades
                                        Assistant United States Attorney
                                        Narcotics & Violent Crimes Unit

Charles Evans Whittaker Courthouse
400 East Ninth Street, Suite 5510
Kansas City, Missouri 64106
Telephone: (816) 426-3122

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was delivered on July 27, 2020, to the Electronic Filing System (CM/ECF) of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

*/s/ Bruce Rhoades*
Bruce Rhoades
Assistant United States Attorney