IN THE UNITED STATES COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | NO. 18-00293-CR-W-DGK |
| | ) | |
| LEEANNA SCHROEDER | ) | |
| Defendant. | ) | |
| | ) | |

## OBJECTION TO CONTINUANCE

Defendant Leeanna Schroeder, by and through appointed counsel Cynthia Dodge, objects to a continuance of the trial scheduled for March 2021 and offers the following suggestions in support:

1. On October 23, 2018, an indictment charging only Defendant Ginnings with distribution of methamphetamine, felon in possession of a firearm and possession of a firearm with drug trafficking was entered. Mr. Ginnings' trial date was set to begin January 7, 2019.

2. On November 14, 2018, Defendant Ginnings filed a motion to continue trial (doc. 15). The matter was set over for a trial date June, 10, 2019.

3. On December 12, 2018, a superseding indictment was entered with an additional eleven defendants charged with same or similar offenses. Ms. Schroeder was one of the eleven defendants.

4. On December 18, 2018, Ms. Schroeder was arrested and has remained in custody since.

5. On April 26, 2019, Defendant Ginnings filed a second motion to continue trial (doc. 115). The matter was set over for October 28, 2019, trial docket. Ms. Schroeder did not object.

6. On May 21, 2019, the court declared the matter complex.

1

United States v. Leeanna Schroeder 18-00293-CR-W-DGK
Motion in Opposition to Trial Continuance

7. On June 4, 2019, a second superseding indictment was entered with two additional defendants (doc. 127).

8. On October 1, 2019, Defendant Mainieri filed the third motion to continue trial (doc. 204). The matter was set over for August 10, 2020, trial docket. Ms. Schroeder did not object.

9. On July 17, 2020 Defendant Thurmond filed a fourth motion to continue trial (doc. 259). The matter was set over for March 22, 2021, trial docket. Ms. Schroeder did not object.

10. On July 21, 2020, the same day the court granted Ms. Thurmond's motion to continue, a third superseding indictment was entered joining *eleven additional* defendants (doc. 261).

11. On January 12, 2021 Defendant Parton has filed a fifth motion to continue trial (doc. 406) which is now pending before the court.

12. Defendant Schroeder objects and opposes Defendant Parton's motion to continue trial.

## ARGUMENT

The government has 70 days from the indictment filing or defendant's first appearance (whichever is later) to bring a defendant to trial. *United States v. Titlbach*, 339 F.3d 692 (8th Cir. 2003); 18 U.S.C. § 3162(c)(1). If 70 days pass without the tolling of the speedy trial clock, the indictment *must* be dismissed on the defendant's motion. Id. at 698 (emphasis added). The courts have board discretion in granting or denying continuances. *United States v. Banks*, 494 F.3d 681 686 (8th Cir. 2007). And the Eighth Circuit addressed five factors to be weighed before rendering a ruling on a motion to continue. *United States v. Little*, 567 F.2d 346, 348-49 (8th Cir. 1977). They are:

1) the nature of the case and whether the parties have been allowed adequate time for trial preparation;

2) the diligence of the party requesting the continuance;

3) the conduct of the opposing party and whether a lack of cooperation has contributed to the need for a continuance;

4) the effect of the continuance and whether a delay will seriously disadvantage either party;

5) the asserted need for the continuance, with weight to be given sudden exigencies and unforeseen circumstances. *Id. citing United States v. Bernhardt*, 642 F.2d 251 252 (8th Cir. 1981).

The court has repeatedly heard arguments regarding claims of speedy trial right violations. Id., *United States v. Yerkes*, 345 F.3d 558 (8th Cir. 2003); *United States v. Van Someren*, 118 F.3d 1214 (8th Cir. 1997); *United States v. Banks*, 494 F.3d 681 686 (8th Cir. 2007); *United States v. Porchay*, 651 F.3d 930 937 (8th Cir. 2011). For example, in *Lightfoot* the argument was made that the defendant's right to speedy trial had elapsed without looking at the last indicted co-defendant. See *United States v. Lightfoot*, 483 F.3d 876, (8th Cir.). The court disagreed. It stated, "[w]hen a newly indicted defendant is joined with a defendant whose speedy trial clock has already started running, the latter defendant's speedy trial clock will be reset to that of the new defendant." *United States v. Lightfoot*, 483 F.3d 876, 885–86 (8th Cir.), cert. denied, 552 U.S. 1053, 128 S.Ct. 682, 169 L.Ed.2d 534 (2007); see 18 U.S.C. § 3161(h)(6). It pointed out that the purpose of section 3161(h)(7)[1], is to;

> **[I]nsure that the Speedy Trial Act does not alter the present rules governing severance of co-defendants by forcing the government to prosecute the defendants separately or be subject to a speedy trial dismissal motion." United States v. Monroe, 833**

---

[1] 18 U.S.C. 3161(h)(7) is the equivalent of 18 U.S.C. 3161(h)(6) today.

> F.2d 95, 100 (6th Cir.1987); see also United States v. Vega Molina, 407 F.3d 511, 532 (1st Cir.2005) (noting that the purpose of section 3161(h)(7) is to "prevent the Speedy Trial Act from becoming a sword that can be used to shred the joinder rules"), cert. denied sub nom. Zuniga-Bruno v. United States, 126 S.Ct. 296, 163 L.Ed.2d 258 (2005). Synchronizing all of the defendants' speedy trial clocks so that they reflect the speedy trial clock of a newly added co-defendant prevents speedy trial concerns from deterring the government from seeking to join defendants.

But the Eighth Circuit also cautioned the "reasonableness requirement" under 18 U.S.C. § 3161(h)(6) might be violated if determined the government misused its joinder discretion. Id. at 887. Ultimately not reaching a conclusion on the "reasonableness" issue, the court pointed out:

> …when defendants, all of whose speedy trial clocks have already commenced, are joined together, it is doubtful whether section 3161(h)(7) envisions automatically resetting all of the speedy trial clocks to zero. One could imagine, for example, a case where two defendants with very little speedy trial time remaining were joined together. Resetting these defendants' speedy trial clocks to zero would arguably result in a significant speedy trial windfall for the government because the government would be placed in a more advantageous speedy trial position than it would been in without the joinder. It is one thing for section 3161(h)(7) to remove speedy trial obstacles to joinder; it is quite another for it to be used to make joinder affirmatively advantageous to the government, a result that might run afoul of section 3161(h)(7)'s reasonableness requirement. U.S. v. Lightfoot, 483 F.3d 876 (8th Cir. 2007).

Although this case is not specifically what the Eighth Circuit pondered, it is similar in that, the rule is to keep an even playing field between the parties. If the government can reset the clocks for all those it continues to indict; those who were first in can be held in a holding pattern for years. As is this case, it has been *over* two years in a pending trial status with four superseding indictments. In fact, this case has now had four separate forepersons having signed

4

the indictments. (See docs. 11, 18, 127, 261). No doubt the case is complex with a voluminous amount of discovery. But at some point, the defendant's must be entitled to have their day in court and move on in the process.

For the foregoing reasons, Ms. Schroeder moves the Court to deny the motion to continue or sever the case to be tried in March 2021.

Respectfully submitted,

/S/ CYNTHIA M. DODGE

Cynthia M. Dodge
312 SW Greenwich Drive, #10
Lee's Summit, MO 64082
MO#47754 KS#78371
(816) 246-9200
FAX (816) 246-9201
cindy@cdodgelaw.com
ATTORNEY FOR DEFENDANT

CERTIFICATE REGARDING SERVICE

I hereby certify that it is my belief and understanding that counsel for plaintiff, and counsel for the co-defendants in this matter are participants in the Court's CM/ECF program and that separate service of the foregoing document is not required beyond the Notification of Electronic Filing to be forwarded on January 13, 2021 upon the filing of the foregoing document.

/s/ Cynthia M. Dodge
_____
CYNTHIA M. DODGE