IN THE UNITED STATES COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| UNITED STATES OF AMERICA, | § | |
| --- | --- | --- |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 18-00293-CR-W-DGK |
| | § | |
| LEEANNA SCHROEDER | § | |
| Defendant. | § | |

## SECOND MOTION FOR RECONSIDERATION
## PRETRIAL RELEASE

Defendant Leeanna Schroeder moves the Court to reconsider pretrial release and granting bond on her personal recognizance, and in support states:

### LEGAL STANDARD

1. Pursuant to Rule 46(c) and 18 U.S.C. 3143 the burden of establishing that the defendant will not flee or pose a danger to the community rests with the defendant.

2. Pursuant to 18 U.S.C. 3142, 3143(2) the Court shall detain a defendant under the Controlled Substance Act which a maximum term of imprisonment includes ten years or more, <u>unless</u>, … the Court finds by "clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community."

### PROCEDURAL BACKGROUND & SUGGESTIONS IN SUPPORT

3. Ms. Schroeder has been in the custody since December 18, 2018 whereby at the defendant's initial appearance the Court denied pretrial release based on the pending matters out of St. Louis and Lincoln County. But Judge Counts instructed counsel to

file a motion to reconsider if that status changed. As government's counsel noted in his suggestions of opposition (doc. 232), the court's comment is not made apparent in the order; however, counsel is confident what was stated to her in open court.

4. On April 4, 2019, St. Louis County Missouri case # 17SL-CR03422-01 against Ms. Schroeder was dismissed. And "she appeared as directed" according to her pretrial services report. (See doc. 35 and attached exhibit).

5. On November 20, 2019, Lincoln County Missouri case # 18L6-CR00746 against Ms. Schroeder was dismissed. Essentially, the alleged criminal conduct in 18L6-CR00746 is the basis for the same alleged conduct in this case where she was held in custody and could not attend the state's February 7, 2019 court date. (See attached exhibit).

6. On November 22, 2019, the above defendant filed a motion for reconsideration of bond and the government filed suggestion in opposition. (Doc. 232).

7. On December 19, 2019, the court denied defendant Schroeder's motion for bond reconsideration. (Doc. 235).

8. Now this case has eleven additional co-defendants, four different foreperson signatures on four different indictments and on January 12, 2021, co-defendant Parton file a motion to continue the trial setting for next fall. (doc. 406). If granted it will this matter's fifth trial continuance.

9. Based on the amount of discovery, number of defendants, alleged criminal conduct, and case complexity, it is highly likely that this matter will take a substantial period of time before the actual trial is concluded.

10. Ms. Schroeder is from the St. Louis area. Her stepfather resides in that area and is willing to provide her with a residential plan if she is granted pretrial release.

11. Ms. Schroeder has small children that need her attention and care.

12. Ms. Schroeder has no pending cases except this matter.

13. The government previously claimed "…defendant's actions prior to her arrest and detention predictably indicate that her release pending trial would fail to "reasonably assure the appearance of the person as required and the safety of any other person and the community" as required by the second part of the reconsideration standard in section 3142(f)(2)(B)," is simply inaccurate. (See docs. 35, 232).

14. Ms. Schroeder has not be given the same opportunity for pretrial release as other co-defendant's who actually have prior criminal convictions.

15. While in custody, Ms. Schroeder has successfully completed *53* courses offered at Core Civic.

16. Criminal defendant's who are incarcerated pretrial/pre-conviction do not get an opportunity to show a potential sentencing court their personal growth in a real-world setting. Just like bad behavior can have an adverse effect at sentencing, the opposite holds true for stellar community behavior.

17. Ms. Schroeder has been made aware of pretrial conditions and is confident she can comply with any conditions the court may order.

18. Ms. Schroeder has no history of violence or danger to the community.

19. Ms. Schroeder is without financial means to be considered a flight risk.

## CONCLUSION

Ms. Schroeder has been detained since December 18, 2018. She was arrested on that date without incident. Her two pending matters in the St. Louis area have been dismissed and no warrants or pending matters exist. She has close family ties that will provide a residential plan and a supportive living environment so she can gain employment and be with her young children. Finally, she poses no threat to the community or absconding.

**18-00293-CR-W-DGK**
**SECOND MOTION FOR RECONSIDERATION PRETRIAL RELEASE**– Page 3

For the foregoing reasons, Ms. Schroeder moves the Court to reconsider pretrial release based on her personal recognizance and further request a hearing if government counsel objects.

> Respectfully submitted,
>
> /S/ CYNTHIA M. DODGE
>
> Cynthia M. Dodge
> 312 SW Greenwich Drive, #10
> Lee's Summit, MO 64082
> MO#47754 KS#78371
> (816) 246-9200
> FAX (816) 246-9201
> cindy@cdodgelaw.com
> ATTORNEY FOR DEFENDANT

CERTIFICATE REGARDING SERVICE

I hereby certify that it is my belief and understanding that counsel for plaintiff, and counsel for the co-defendants in this matter are participants in the Court's CM/ECF program and that separate service of the foregoing document is not required beyond the Notification of Electronic Filing to be forwarded on January 13, 2021 upon the filing of the foregoing document.

/s/ Cynthia M. Dodge
_____
CYNTHIA M. DODGE