IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 18-00293-10-CR-W-DGK |
| LEEANNA MICHELLE SCHROEDER, | |
| Defendant. | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S
*SECOND* MOTION FOR RECONSIDERATION OF BOND**

The United States of America, by Timothy A. Garrison, United States Attorney, and Bruce Rhoades, Assistant United States Attorney, both for the Western District of Missouri, submits this response in opposition to defendant's *Second* Motion to Reconsider Bond, filed January 13, 2021, as Document 410.

Essentially, the only change between the first motion to reconsider and the second motion to reconsider is a magistrate re-assignment and the passage of time between the two. Regardless, as in November 2019, the United States objects to Schroeder's release. Additionally, the motion does not meet the requirements for reconsideration. Also, Schroeder has not overcome the statutory presumption for detention from Count One and Count Four. Neither has she established that any condition or combination of conditions that will ensure her presence *and* protect the community, in the event the Court finds she has overcome the two presumptions. Other than to argue it has gotten heavier, the weight of the evidence against Schroeder has not changed either.[1]

---

[1] UNDER SEAL, the United States submits *EXHIBIT ONE*, a short summary of the case, including information about Schroeder, in support of this response.

For the sake of judicial economy, the Government does not re-state here any of the factual background or procedural steps in the case, or any of the defense motion, that is not relevant to our response. Defendant was charged by way of a superseding indictment on December 12, 2018, with methamphetamine distribution and money laundering conspiracies and federal firearm violations (Doc. 18). On December 27, 2018, the Court ordered the defendant detained, as reflected in Document 59, "ORDER OF DETENTION PENDING TRIAL."

It is indisputable the defense has a right to file a motion asking for review of the detention order. Case law, federal statutes, and the inherent power of the courts answer that question. *However*, "[a]s written, the reopening provision [Pub.L. No. 99–646, § 72; codified at 18 U.S.C. § 3142(f)(2)(B)] is, in effect, a codification of a court's inherent reconsideration authority tempered by the understanding that, to promote finality, preserve judicial resources, and discourage piecemeal presentations, ***a court should not reconsider a decision based on information that could have been presented the first time around***." *United States v. Pon*, No. 3:14-cr-75-J-39PDB, 2014 U.S. Dist. LEXIS 95049, at *25 (M.D. Fla. May 29, 2014) (emphasis added). The Supreme Court stated that "[d]ue to considerations of finality, predictability and preserving judicial resources, 'as a rule [a] court[] should be loath to [revisit its own prior decision] in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817, 108 S. Ct. 2166, 100 L. Ed. 2d 811 (1988). Other courts within the 8th Circuit have refused to reopen a detention hearing on the basis that the defendant "offer[ed] no new information that didn't exist or wasn't known to him at the time of the hearing." *United States v. Kurtenbach*, No. 5:17-CR-50071-JLV, 2017 U.S. Dist. LEXIS 121464, at *3 (D.S.D. Aug. 2, 2017).

The first issue, and possibly sole issue, before this Court is the merit of the defense's motion to re-open. The standard to re-open a detention hearing is that, "[t]he hearing **may** be reopened, before or after a determination by the judicial officer, at any time before trial **if** the judicial officer finds: 1) that information exists that was not known to the movant at the time of the hearing, **and;** 2) that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community." (emphasis and numbering added) 18 U.S.C.S. § 3142(f)(2)(B) (LexisNexis, Lexis Advance through PL 115-391, approved 12/21/18, with a gap of PL 115-334).

Although the defense appears to believe the issue to be that the Court "invited" the defendant to reapply for release if certain pending criminal matters were resolved (paragraph 3, Document 228), the defense has failed to meet the standard for re-opening a detention hearing, rendering the defense's motion without merit. The only item in defense's motion that indicates any information allegedly not known to defendant at the time of the initial hearing is some resolved warrants. *Of significant note is that this exact same argument was made in November 2019, before the magistrate that allegedly made these statements, yet that magistrate failed to find them persuasive and thereafter denied the motion for reconsideration.*

As laid out in the Court's Order of Detention Pending Trial, Document 59, multiple rebuttable presumptions exist under 18 U.S.C. §§ 3142(e)(3), (1) & (2) that no condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of any other person and the community because there is probable cause the defendant committed certain enumerated therein crimes. The Court found "[t]he defendant has not introduced sufficient evidence to rebut the presumption above [18 U.S.C. §§ 3142(e)(3), (1) & (2)], and the

3

detention is ordered on that basis." Therefore, any statements allegedly[2] made by the Court concerning resolution of warrants do not arise to the standard of new information not known to the defendant at the time *and material to* the issue of detention. Because the Court found the rebuttable presumption had not been met, the Court made no other detention-relevant findings in its detention order.

Even if defendant has offered information not known to her at the time of the initial detention hearing, as partially detailed at the initial detention hearing,[3] and as contained in the sealed *Exhibit One*, defendant's actions prior to her arrest and detention predictably indicate that her release pending trial would fail to "reasonably assure the appearance of the person as required *and* the safety of any other person *and* the community" as required by the second part of the reconsideration standard in section 3142(f)(2)(B), emphasis added.

As for the passage of time, even if that does rise to the level of grounds for reconsideration, there is no basis upon which to grant release. The presumptions, the nature and circumstances of the offenses charged, weight of the evidence, and the history and character of the defendant all clearly weigh against all the statutory release factors. Especially considering the "history and character of the defendant" that includes efforts to thwart the prosecution and recovery of relevant evidence via efforts at a "sham" marriage (if it did occur, the United States has not found evidence of such).

---

[2] The Court's detention order does not contain those statements.

[3] On 12/18/2018 at approximately 6:00 AM, Leeanna Schroeder was arrested by members of the Saint Louis Safe Streets Gang Task Force at 3671 Chaney Court, Saint Louis, MO 63114. She was arrested at the home of her mother. She was compliant and arrested without further incident. *During the drive from Saint Louis to the Kansas City US Marshal's Office, Schroeder told investigators that within the previous couple of weeks, she married Thurmond so they can't be prohibited from communicating with each other, and they cannot be compelled to testify in court proceedings against each other. Schroeder said she was married in Saint Charles, Missouri.*

4

Finally, defendant again raises the claim that she was treated differently than other pre-trial defendants. Not only is that not a ground for reconsideration, it has zero merit, has not been supported at all, and has absolutely no relevance to any release decision, much less one after bond has been denied *twice* already. Presumably, she is comparing herself to her closet co-conspirator, co-defendant Thurmond, who was released pending trial. Thurmond promptly committed crimes while on pre-trial release, fled the jurisdiction, and had to be tracked down, arrested, then extradited back to the WDMO.

All the other information in defendant's *second* motion for reconsideration was obviously known to the defendant at the time of her initial detention hearing and subsequent *first* reconsideration motion. As such, none of that information need be addressed again.

Therefore, the United States requests this Court deny defendant's *second* motion for review of the prior Court's order detaining her pending trial.

    Respectfully submitted,

    Timothy A. Garrison
    United States Attorney

By    */s/ Bruce Rhoades*

    Bruce Rhoades
    Assistant United States Attorney

    Charles Evans Whittaker Courthouse
    400 East Ninth Street, Suite 5510
    Kansas City, Missouri 64106
    Telephone: (816) 426-3122

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing was delivered on January 25, 2021, to the Electronic Filing System (CM/ECF) of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

                                                  */s/ Bruce Rhoades*
                                                  Bruce Rhoades
                                                  Assistant United States Attorney